Filed 12/15/23  P. v. Pope CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097889 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F09421) |
| v. | |
| NATHANIEL LEE POPE, | |
| Defendant and Appellant. | |

In December 2006, a jury found defendant Nathaniel Lee Pope guilty of attempted murder (Pen. Code, §§ 664/187)[1] and found true an allegation that he personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)).  The trial court sentenced defendant to a state prison term of seven years for attempted murder, plus 25 years to life for personally discharging a firearm causing great bodily injury.  We affirmed

---

[1] Undesignated statutory references are to the Penal Code.

1

the judgment on direct appeal. (*People v. Pope* (Sept. 24, 2008, C054687) [nonpub.opn.].)

In May 2022, defendant filed a petition for resentencing under section 1172.6.[2] The trial court denied the petition, finding defendant ineligible for relief as a matter of law because the jury found beyond a reasonable doubt that " 'defendant intended to kill that person.' The jury was not given the option to convict [defendant] under the natural and probable consequences theory (CALCRIM Nos. 402, 403). Because only attempted murder convictions based on the natural and probable consequences theory are eligible for relief, the instructions confirm [defendant] is disqualified from relief." Defendant appeals from that order.

Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asks that we exercise our discretion to review the record for arguable issues.

This court notified defendant he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Defendant filed a supplemental brief arguing the jury instruction for attempted murder (CALCRIM No. 600) allows a jury to impute malice. As a result, he argues, he is not precluded from relief as a matter of law. We will affirm.

## I. DISCUSSION

### A. Legal Background

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was

---

[2] Defendant petitioned for resentencing under former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as 1172.6 without substantive changes. (Stats. 2022, ch. 58, § 10.)

not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Senate Bill No. 1437's changes to section 189 relevant to felony murder are not at issue here.

Senate Bill No. 1437 also created a mechanism for individuals convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition to have their murder conviction vacated and to be resentenced in what is now section 1172.6. Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage beyond those convicted of murder to include individuals convicted of "attempted murder under the natural and probable consequences doctrine, or manslaughter." (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents,

3

"contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, at p. 972.)

B.     *Analysis*

Section 1172.6 clearly states that relief is limited to those convicted of murder (§ 187), attempted murder (§§ 664/187), or manslaughter (§ 192) under a theory of imputed malice such as felony murder or the natural and probable consequences theory. (§ 1172.6, subd. (a).)

Here, the jury was not instructed on any theories of imputed malice as to the charged offense of attempted murder. Rather they were instructed only with CALCRIM No. 600, which required a jury to find beyond a reasonable doubt that defendant "*intended* to kill a person" and "took at least one direct but ineffective step toward [that] killing." (*Ibid.*, emphasis added.) Defendant, therefore, is ineligible for resentencing as a matter of law.

4

## II.  DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

/S/

_____
RENNER, J.


We concur:


/S/

_____
MAURO, Acting P. J.


/S/

_____
MESIWALA, J.